UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-00063-JMS-DML |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTHONY J. MINNEY | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00063-JMS-DML |
| | ) | |
| ANTHONY J. MINNEY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

### Order

Pending before the Court is Anthony Minney's motion for compassionate release and amended motion for compassionate release, dkts. 110, 119, filed under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Mr. Minney requests a reduction of his term of imprisonment to time served. For the reasons explained below, Mr. Minney's motions are **denied**.

### I. Background

In August 2016, Mr. Minney pleaded guilty to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922. Dkts. 67, 71. As part of his plea agreement, Mr. Minney admitted that he owned a shotgun with an obliterated serial number found by law enforcement officers at his residence. Dkt. 67 at ¶ 27. He also admitted that he had sustained several felony convictions prior to the search of his residence. *Id.* In November 2016, the Court accepted Mr. Minney's guilty plea and sentenced him to a 92-month term of imprisonment and three-year term of supervised release. Dkts. 78, 79.

Mr. Minney is 40 years old and is currently incarcerated at Greenville Federal Correctional Institution in Greenville, Illinois. He has been designated for transfer to a halfway house in February 2021, and his anticipated release date is August 4, 2021.

Mr. Minney filed his motion for compassionate release in May 2020. Dkt. 110. The Court appointed counsel to represent Mr. Minney, dkt. 111, and counsel filed an amended motion on August 19, 2020, dkts. 119, 120. Mr. Minney's arguments for immediate release are two-fold. He contends that he is at risk due to the COVID-19 pandemic because he suffers from hypertension and that he needs to take care of his mother who has debilitating medical conditions, including a recent hip replacement surgery.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

3

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c).  U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations.  First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable."  U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which

4

"substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

5

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

The Court's analysis of Mr. Minney's motion will focus on whether he has presented an extraordinary and compelling reason warranting a sentence reduction. As explained, he presents two reasons that he contends are extraordinary and compelling reasons warranting a sentence reduction—his susceptibility to COVID-19 given his hypertension and his desire to care for his elderly mother.[1] The Court will address each in turn.

**A. Hypertension**

Mr. Minney first contends that an extraordinary and compelling reason warranting a sentence reduction exists based on the COVID-19 pandemic and his medical condition of hypertension. *See* dkt. 120 at 2, 6-7. In opposition to this argument, the United States has submitted Mr. Minney's medical records which do not indicate that he suffers from hypertension. *See* dkt. 122-2 at 3; dkt. 122-3 at 8.

Even assuming that Mr. Minney does suffer from hypertension, however, the Court declines to exercise its discretion to conclude that hypertension alone is an extraordinary and compelling reason to grant relief. Nearly half of American adults have hypertension. *See* Centers

---

[1] In his *pro se* motion, Mr. Minney sought immediate release based on his conduct while incarcerated. He asserts that he has completed educational programming, held steady employment, and maintained a clear conduct record. *See* dkt. 110. Mr. Minney's conduct while incarcerated has been exemplary. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

for Disease Control and Prevention, *Facts About Hypertension*, (last reviewed Dec. 16, 2020), https://www.cdc.gov/bloodpressure/facts.htm. Although individuals with high blood pressure might be at an increased risk for severe illness from COVID-19, *see* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 16, 2020), Mr. Minney is young and is otherwise in good health. The Court finds, consistent with other district courts, that hypertension and COVID-19 do not qualify as extraordinary and compelling reasons for compassionate release where the defendant does not suffer from other health or age-related risks. *See United States v. Hill*, 2020 WL 5104477, *2 (N.D. Ohio Aug. 31, 2020) (hypertension); *United States v. Thomas*, 2020 WL 3895781, *4 (W.D. Va. July 10, 2020) (hypertension); *United States v. Brown*, 2020 WL 3833284, *4 (D. Md. July 8, 2020) (hypertension and obesity); *and United States v. Peaks*, 2020 WL 2214231, *2 (E.D. Mich. May 7, 2020) (hypertension and obesity).

    Nor does the general threat of contracting COVID-19 constitute an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

### B. Care for Mother

Mr. Minney next asserts that an extraordinary and compelling reason warranting a sentence reduction exists because his mother suffers from debilitating medical conditions that make her more susceptible to COVID-19 and he is the only relative who can support her. Dkt. 120 at 7-8. Mr. Minney and his family have submitted letters further detailing his mother's medical conditions and identifying the activities of daily living she has trouble completing. *See* dkts. 123, 124.

While admirable, Mr. Minney's desire to care for his mother is not an extraordinary and compelling reason warranting a sentence reduction. Although he is the only family member who resides in Indiana, he acknowledges that his mother receives home health care, dkt. 120 at 1, 7, and that she is "strong physically, mentally, and emotionally," dkt. 124 at 2. Mr. Minney could undoubtedly assist his mother with many tasks if he resided with her. However, she is receiving assistance from other sources.

Additionally, Mr. Minney's desire to care for his mother in these challenging times is not unique. Many inmates want to care for elderly or ill parents, especially in light of the threat the COVID-19 pandemic presents to elderly individuals. Courts have held, however, that circumstances applicable to many inmates are not extraordinary and compelling reasons to warrant a sentence reduction even if those circumstances are unfortunate. *See United States v. Mancillas*, No. 1:10-cr-110-TWP-DLP, dkt. 308 (S.D. Ind. Nov. 9, 2020) (concluding no extraordinary and compelling reason justifying sentence reduction where individual wanted to care for his grandchildren); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (finding no extraordinary and compelling reason to warrant sentence reduction where individuals wanted to care for elderly and ill parents); *cf. United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases). Accordingly, the Court

declines to exercise its discretion to find that Mr. Minney's desire to care for his mother is an extraordinary and compelling reason warranting a sentence reduction.

Neither of Mr. Minney's reasons for seeking a sentence reduction constitute an extraordinary and compelling reason warranting a sentence reduction. As a result, the Court need not decide whether he presents a danger to the community or whether the sentencing factors outlined in § 3553(a) favor release. Nonetheless, the Court would like to commend Mr. Minney on his conduct while incarcerated.

### III. Conclusion

For the reasons set forth above, Mr. Minney's motion for compassionate release, dkt. [110], and amended motion for compassionate release, dkt. [119], are **denied**.

**IT IS SO ORDERED.**

Date: 12/17/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel